1
2
3
4

ASHBY LAW FIRM P.C.
Joseph R. Ashby (SBN 248579)
    joseph@ashbylawfirm.com
1146 N. Central Avenue, #475
Glendale, California 91202
Telephone: (213) 393-6235

5
6
7
8
9
10

CM LAW PLLC
AASHEESH V. SHRAVAH
(*pro hac vice* forthcoming)
    ashravah@cm.law
13101 Preston Road, Ste. 110-1510
Dallas, TX 75240
Phone: (844) 285-4263

11

Attorneys for Plaintiff Cheveux Corp.

12
13
14

THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

15
16
17
18
19
20
21
22

| | |
|---|---|
| **CHEVEUX CORP.,** | Case No. |
| Plaintiff, | |
| v. | **Complaint for Patent Infringement and Jury Trial Demand** |
| **KELSEY GIDEON,** | |
| Defendant. | |

23
24
25
26
27
28

**PLAINTIFF CHEVEUX CORP.'S COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Cheveux Corporation ("Cheveux" or "Plaintiff") by and through its attorneys, brings its Complaint against Defendant Kelsey Gideon ("Gideon" or "Defendant"), alleges and states as follows:

## NATURE OF ACTION

1.    This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code, including 35 U.S.C. §§ 271 and 281–285.

## PARTIES

2.    Plaintiff Cheveux Corporation is a New Jersey corporation with its principal place of business located at 463 Barell Avenue, Carlstadt, New Jersey 07072.

3.    Cheveux is a wholesale business that sells, among other items, designer hats, beanies, headwear, and other clothing items.  Since 1992, Cheveux has created innovative successful designs for various headwear such as baseball caps and beanies that are marketed, distributed, and sold nationwide to high end retailers under its well-known registered brand name "C.C" for which they own several United States federal trademark registrations.  As a leading innovator in the designer headwear industry, Cheveux has been awarded several United States and worldwide design patents related to their designer headwear.

4.    Cheveux employs its own design team to create novel and innovative headwear products.  Cheveux attends several national trade shows each year throughout the United States where they are well known for their successful and innovative headwear products.  Cheveux's designer headwear has received press coverage in multiple media and fashion outlets, including CBS News, CNN, People, Glamour, New York Mag, E News, Parade, and InStyle.

5.    In particular, Cheveux has created and designed a criss-cross

design on the rear portion of a hat that has had considerable success. Cheveux has sold these hats to hundreds of retailers nationwide and enjoyed sales in the millions from this particular product.  This has led to several copycat designs in the market.

6.    On information and belief, Defendant Kelsey Gideon is an individual residing at 637 Grant Drive, Chowchilla, California 93610.

7.    On information and belief, Defendant conducts business in this judicial district through their residential location in Chowchilla, California and their website https://simplygideon.com from which they distribute and sell a variety of consumer clothing and headwear.  Defendant also operates multiple social media sites, such as on Facebook, Instagram, and TikTok where they advertise their products.

## JURISDICTION AND VENUE

8.    This Court has personal jurisdiction over the Defendant because the Defendant is an individual residing in the Eastern District of California and is conducting substantial business within this district.

9.    This Court has original jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a), and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a) because they are so related to the federal claims that they form part of the same case or controversy.

10.    Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. § 1400(b) because Defendant resides in this judicial district, has committed acts of infringement in this judicial district and has a regular and established places of business in this judicial district.

# FACTUAL BACKGROUND

## Cheveux's United States Design Patent D913,645

11.    The United States Patent and Trademark Office duly and legally issued U.S. Design Patent No. D913,645, entitled "Hat with an X Patchwork Design" ("the '645 Patent") on March 23, 2021.  A true and correct copy of the '645 Patent is attached hereto as **Exhibit A**.

12.    Through assignment, Cheveux is the owner of all right, title, and interest, in and to the '645 Patent, and, as such, has the right to sue and recover for past, present, and future infringement of the '645 Patent and to obtain the relief claimed in this Complaint.  The '645 Patent is in full force and effect.

13.    The '645 Patent describes and claims an ornamental design for a rear portion of a hat as illustrated in the figures of the '645 Patent.

14.    The '645 Patent is valid and subsisting and was valid and subsisting at all times affecting the matters complained of herein.

15.    At all times relevant hereto, Cheveux complied with the statutory requirement of 35 U.S.C. § 287 placing a notice of the '645 Patent on all necessary products it manufactures and sells.

## Defendant's Acts of Infringement

16.    Upon information and belief, Defendant sells headwear and clothing directly to consumers on her website https://simplygideon.com, and advertises such headwear on its various social media sites including but not limited to:

Instagram - https://www.instagram.com/simplygideon/?hl=en

Facebook - https://www.facebook.com/simplygideon?mibextid=9R9pXO

TikTok  - https://www.tiktok.com/@simplygideon?lang=en

17.    On or about July 1, 2024, Cheveux was made aware of Defendant's products and purchased various hats on Defendant's website

to confirm infringement of the '645 Patent.

18.   Upon information and belief, Defendant intentionally copied each of the patented features of the '645 Patent and sold various headwear that infringes the '645 Patent.

19.   On or about July 9, 2024, Cheveux gave notice to Defendant that she was selling various headwear that infringed the '645 Patent ("the Accused Products") and demanded, among other things, that Defendant stop making, importing, offering to sell or selling the Accused Products.

20.   On or about July 25, 2024, Gideon represented that Gideon had ceased all sales of the Accused Products.

21.   On or about August 23, 2024, Cheveux purchased more hats on Defendant's website and confirmed the Accused Products were still being sold that infringed the '645 Patent.

22.   Upon information and belief, despite notice being provided to Defendant of their infringing conduct, Defendant has not complied with Cheveux's demand and has knowingly and willfully made, imported, offered for sale and sold the Accused Products.

23.   Each of the Accused Products infringes the claim of the '645 Patent, as exemplified by the figures of the '645 Patent as shown in some examples of the Accused Products below.  These examples include the "Milfin Aint Easy", "Mama" and "Somebody's Fine Ass Ex Wife."

## Design Patent No. D913,645



## Accused Product – "Milfin Aint Easy"



## Design Patent No. D913,645



## Accused Product – "Mama"



PLAINTIFF CHEVEUX CORP.'S COMPLAINT FOR PATENT INFRINGEMENT

## Design Patent No. D913,645



## Accused Product – "Somebody's Fine Ass Ex Wife"



24.    As shown in the corresponding views above, the Accused Products and figures of the '645 Patent are so similar, as to be nearly identical, such that an ordinary observer, giving such attention as a purchaser usually gives, would be so deceived by the substantial similarity between the designs and be induced to purchase the Accused Products believing them to be substantially the same as the designs protected by the '645 Patent.

25.    Cheveux has not granted a license or any other authorization to Defendant to make, use, offer for sale or sell any product that is covered by the claim of the '645 Patent.

## <u>COUNT I</u>

### **(INFRINGEMENT OF THE '645 PATENT, 35 U.S.C. §§ 271 AND 281)**

26.    Cheveux repeats, reiterates, and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

27.    Upon information and belief, Defendant is making, using, offering to sell, selling and/or importing in the United States products, including specifically the Accused Products, that infringe the claim of the '645 Patent in violation of 35 U.S.C. §271(a).

28.    Defendant infringes the '645 Patent because, *inter alia,* in the eye of an ordinary observer, giving such attention as a purchaser usually gives, the ornamental design of the '645 Patent and the ornamental design of the Accused Products are substantially the same, the resemblance being such as to deceive such an ordinary observer, inducing him/her to purchase one supposing it to be the other.

29.    Cheveux provided actual notice to Defendant of its infringement on repeated occasions at least as early as July 2024, including, without

limitation, the filing of this Complaint, as well as marking its own products in compliance with 35 U.S.C. § 287.

30.    Upon information and belief, Defendant's infringement has been intentional and willful, making this an exceptional case.

31.    By reason of Defendant's infringement, Cheveux has suffered, and unless Defendant is permanently enjoined, will continue to suffer, actual damages and irreparable harm, as to which it has no adequate remedy at law.

## <u>PRAYER FOR RELIEF</u>

**WHEREFORE**, Plaintiff respectfully requests this Court for an order and judgment in favor of Plaintiff Cheveux Corp. and against Defendant as follows:

A. Holding that Defendant has infringed the '645 Patent in violation of 35 U.S.C. §271;

B. Granting Plaintiff preliminary and permanent injunctive relief enjoining Defendant and its officers, agents, servants, employees, attorneys, and those in active concert or participation with each or any of them, from any further acts of infringement, inducement of infringement, or contributory infringement of the '645 Patent;

C. Awarding Plaintiff its actual damages under 35 U.S.C. § 284 in an amount to be determined at trial;

D. Ordering, adjudging, and decreeing that the infringement by Defendant has been deliberate, willful and wanton;

E. Ordering, adjudging and decreeing that infringement by Defendant has been exceptional under 35 U.S.C. § 285;

F. Awarding Plaintiff trebled damages under 35 U.S.C. § 284, as a result of Defendant's knowing and willful infringement;

G. Awarding Plaintiff the disgorged total profits of Defendant and its

customers that sold or offered for sale the Accused Products under 35 U.S.C. § 289 from infringing the '645 Patent in an amount to be determined at trial;

H. Awarding Plaintiff its actual costs and reasonable attorneys' fees, as authorized by 35 U.S.C. § 285; and

I. Granting Plaintiff such other and further relief as this Court may deem just and proper under the circumstances.

Dated:  March 27, 2025

Respectfully submitted,

By: _____/s/ Joseph R. Ashby_____
Joseph R. Ashby
**ASHBY LAW FIRM P.C.**
Joseph R. Ashby (SBN 248579)
   joseph@ashbylawfirm.com
1146 N. Central Avenue, #475
Glendale, California 91202
Telephone: (213) 393-6235

**CM LAW PLLC**
Aasheesh V. Shravah
(*pro hac vice forthcoming*)
   ashravah@cm.law
13101 Preston Road, Ste. 110-1520
Dallas, Texas 75240
Tel.: (844) 285-4263

Attorneys  for  Plaintiff  Cheveux Corp.

PLAINTIFF CHEVEUX CORP.'S COMPLAINT FOR PATENT INFRINGEMENT

# JURY DEMAND

Plaintiff hereby demands trial by jury on all claims and issues so triable.

Dated:  March 27, 2025

Respectfully submitted,

By:   /s/ Joseph R. Ashby
Joseph R. Ashby
**ASHBY LAW FIRM P.C.**
Joseph R. Ashby (SBN 248579)
   joseph@ashbylawfirm.com
1146 N. Central Avenue, #475
Glendale, California 91202
Telephone: (213) 393-6235

**CM LAW PLLC**
Aasheesh V. Shravah
(*pro hac vice forthcoming*)
   ashravah@cm.law
13101 Preston Road, Ste. 110-1520
Dallas, Texas 75240
Tel.: (844) 285-4263

Attorneys for Plaintiff Cheveux Corp.

# Exhibit A

US00D913645S

(12) **United States Design Patent** (10) Patent No.: **US D913,645 S**
    Kim et al.       (45) **Date of Patent:**   \*\* **Mar. 23, 2021**

(54) **HAT WITH AN X PATCHWORK DESIGN**

(71) Applicant: **Cheveux Corp.**, Ridgefield Park, NJ (US)

(72) Inventors: **Sky Kim**, Palisades Park, NJ (US); **Min Kim**, Palisades Park, NJ (US)

(73) Assignee: **Cheveux Corp.**, Ridgefield Park, NJ (US)

(\*\*) Term: **15 Years**

(21) Appl. No.: **29/728,954**

(22) Filed: **Mar. 23, 2020**

(51) **LOC (13) Cl.** ............................................... **02-03**

(52) **U.S. Cl.**
USPC ........................................... **D2/884**; D2/891

(58) **Field of Classification Search**
USPC ........ D2/865, 866, 867, 869, 870, 871, 872,
D2/873, 874, 875, 876, 877, 878, 879,
D2/880, 881, 882, 883, 884, 885, 886,
D2/887, 888, 889, 890, 891, 892, 893,
D2/894, 895
CPC ........... A42B 1/00; A42B 1/002; A42B 1/004;
A42B 1/006; A42B 1/02; A42B 1/061;
A42B 1/062; A42B 1/063; A42B 1/201;
A42B 1/225; A42C 5/04
See application file for complete search history.

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | | | | |
|---|---|---|---|---|---|
| D350,221 | S | \* | 9/1994 | Van Doren | D2/866 |
| 5,603,121 | A | \* | 2/1997 | Borkovic | A42B 1/22 |
| | | | | | 2/183 |
| 6,711,749 | B2 | | 3/2004 | White et al. | |
| D541,013 | S | \* | 4/2007 | Kim | D2/882 |
| D600,891 | S | \* | 9/2009 | Fountain | D2/866 |
| 7,798,155 | B2 | | 9/2010 | Schweers et al. | |
| D797,411 | S | \* | 9/2017 | Shedd | D2/882 |

| | | | | | |
|---|---|---|---|---|---|
| D863,733 | S | \* | 10/2019 | Konopka | D2/882 |
| D878,009 | S | \* | 3/2020 | Witmer | D2/884 |
| 2008/0201825 | A1 | \* | 8/2008 | Chun | A42B 1/225 |
| | | | | | 2/209.13 |

(Continued)

OTHER PUBLICATIONS

Funky Junque Womens Baseball Cap . . . , [online]; [published to the Interneton Apr. 4, 2018]; [retrieved from the Internet on Jun. 12, 2020]; URL: see provided copy. (1 page). (Year: 2018).\*

*Primary Examiner* — Jasmine Mlinarcik
(74) *Attorney, Agent, or Firm* — Wiggin and Dana LLP; Kenneth K. Cho

(57) **CLAIM**
The ornamental design for a hat with an X patchwork design, as shown and described.

**DESCRIPTION**

FIG. **1** is a top perspective view of a new hat with an X patchwork design at a back side of the hat;
FIG. **2** is a bottom perspective view of a new hat with an X patchwork design;
FIG. **3** is a back view of the hat showing an X patchwork design at the back side of the hat;
FIG. **4** is a right-side view of the hat showing the X patchwork design at the right side;
FIG. **5** is a left-side view of the hat showing the X patchwork design at the left side;
FIG. **6** is a top view of the hat with an X patchwork design; and,
FIG. **7** is a bottom view of the hat with an X patchwork design.
The broken lines that define the hat bill, the hat crown, and the hat snap-button define portions of the hat with an X patchwork design that form no part of the claimed design. The short dashed broken lines along the X patchwork and hat fastener depict environmental structure that form no part of the claimed design.

**1 Claim, 7 Drawing Sheets**



**US D913,645 S**

Page 2

(56)             **References Cited**

U.S. PATENT DOCUMENTS

2016/0255895  A1 *    9/2016   Shedd  ....................... A42B 1/22
2019/0365006  A1 *    12/2019   Lim  ....................... A42B 1/225

\* cited by examiner

**U.S. Patent**     **Mar. 23, 2021**     **Sheet 1 of 7**     **US D913,645 S**



FIG. 1



FIG. 2



FIG. 3



FIG. 4



FIG. 5



FIG. 6



FIG. 7